Bladimir-Acosta v. Barr

BIA
Laforest, IJ
A 079 797 071

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand twenty.

PRESENT:
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
    RICHARD J. SULLIVAN,
        *Circuit Judges.*

_____

HENRY BLADIMIR-ACOSTA,
        *Petitioner,*

    v.                                    18-952
                                          NAC
WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        David Jadidian, Esq., Jackson
                       Heights, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney
                       General; Linda S. Wernery,
                       Assistant Director; Gerald M.

Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Henry Bladimir-Acosta, a native and citizen of Ecuador, seeks review of a March 7, 2018 decision of the BIA affirming a June 9, 2017 decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").[1] *In re Henry Bladimir-Acosta,* No. A 079 797 071 (B.I.A. Mar. 7, 2018), *aff'g* No. A 079 797 071 (Immig. Ct. N.Y. City Jun. 9, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

---

[1] Bladimir-Acosta does not challenge the agency's denial of asylum as time barred.

are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). We deny the petition because the adverse credibility determination is supported by substantial evidence.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency properly considered two omissions in Bladimir-Acosta's asylum application to find him not credible.  First, Bladimir-Acosta failed to include the main basis of his alleged fear — that he fled Ecuador to escape gang members who were targeting him for his religious work rehabilitating other gang members — in his original application for relief.  Second, despite including this fear of gangs in a supplemental statement written a year after he filed for asylum, Bladimir-Acosta failed to mention in the statement that gang members attacked him more than once.  While the agency may err if it relies too heavily on minor omissions — at least where the omitted information would have supplemented, rather than contradicted, earlier statements — the agency did not err here because Bladimir-Acosta would reasonably have been expected to disclose the primary basis for his claim and both incidents of past harm that caused him to flee Ecuador.  *See Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements); *see also Hong Fei Gao*, 891 F.3d at 78 (holding that "the

4

probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose").

Having reasonably determined that Bladimir-Acosta's credibility was in question, the agency also appropriately relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). While it is true that Bladimir-Acosta submitted evidence that corroborated his religious work, including letters from his church in Ecuador and a fellow pastor, the agency did not err in declining to afford significant weight to these documents since they did not corroborate any details of his alleged past persecution by gang members. *See Y.C. v. Holder*, 741 F.3d 324, 333 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The only reference to any past harm was the

5

fellow pastor's statement that a group of people who did not agree with them once attacked them. But the pastor did not provide any details, such as when the attack occurred, if it was an isolated incident, whether the attack was physical, if anyone was injured, and whether the attackers were gang members.

Accordingly, given the omissions of the main asylum claim and then of one of the two allegations of past harm, as well as the absence of any detailed corroboration about the alleged harm, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66; *see also Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that even a single inconsistency is sufficient to support an adverse credibility determination if it is material and relates to "an example of the very persecution from which" the applicant seeks relief (internal quotation marks omitted)). The adverse credibility determination is dispositive of withholding of removal and CAT relief because both forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Because the adverse credibility

6

determination is dispositive, we do not reach the agency's alternate bases for its denial of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```